**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02814-REB-CBS

WESTERN ENERGY ALLIANCE, a Colorado, non-profit organization,

    Plaintiff,

v.

BUREAU OF LAND MANAGEMENT, a federal agency within the United States Department of the Interior,

    Defendant.

## ORDER DENYING MOTION FOR ATTORNEY FEES & COSTS

**Blackburn, J.**

This matter is before the court on **Plaintiff Western Energy Alliance's Motion for Attorney Fees and Costs** [#21][1] filed March 4, 2014. The defendant filed a response [#22], and the plaintiff filed a reply [#23]. I deny the motion

The plaintiff, the Western Energy Alliance (WEA), filed this suit to enforce the Freedom of Information Act (FOIA). On May 2, 2013, the WEA submitted a FOIA request to the Bureau of Land Management seeking information about the peer review process used in developing the report of the BLM titled "A Report on National Greater Sage-Grouse Measures." The report was produced by the Sage-Grouse national Technical Team and is known as the NTT Report.

---

[1] "[#21]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

The BLM failed to make a timely determination concerning the FOIA request and the WEA filed this suit. About ten days after this case was filed, the BLM made an initial response to the requests of the WEA by releasing some information on October 24, 2013. Additional information was released by the BLM on December 31, 2013. After the WEA confirmed that the BLM response was adequate, the parties entered a stipulation to dismiss this case, but asked the court to retain jurisdiction over the issue of attorney fees and costs. The court entered an order [#20] to that effect. The information released by the BLM is peer review documents that were part of the basis for the NTT report. The NTT report long has been available to the public.

## I.  STANDARD OF REVIEW

Under 5 U.S.C. § 552(a)(4)(E)(I), a court may award attorney fees in a case involving a claim under FOIA. **Anderson v. Sec'y of Health and Human Services**, 80 F.3d 1500, 1504 (10th Cir. 1996). An award of attorney fees and costs is within the discretion of the district court. **Aviation Data Service v. F.A.A.**, 687 F.2d 1319, 1321 (10th Cir. 1982). A party seeking an award has the burden of showing it is entitled to an award. **Anderson**, 80 F.3d at 1504.

The court first must determine if the plaintiff is eligible for an award of fees and costs. A plaintiff is eligible for an award if the plaintiff has "substantially prevailed" on the FOIA claim. § 552(a)(4)(E)(ii). A plaintiff has substantially prevailed if the plaintiff has obtained relief through either (i) a judicial order (or enforceable written agreement or consent decree); or (ii) a voluntary or unilateral change in position by the agency, where the claim of the plaintiff was not insubstantial. § 552(a)(4)(E)(ii); **Anderson**, 80 F.3d at 1504.

If the plaintiff is eligible, then the court must determine if an award otherwise is justified. *Id*. Determination of whether an award otherwise is justified involves consideration of four factors: (1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the interest of the plaintiff in the records sought; and (4) whether the withholding of the records by the government had a reasonable basis in law. *Anderson*, 80 F.3d at 1504.

## II.  ANALYSIS

The BLM does not contest the eligibility of WEA for an award of attorney fees and costs.  However, the BLM contends that none of the four factors in the "otherwise justified" analysis supports an award of fees and costs.

The WEA is a tax-exempt organization incorporated under Internal Revenue Code section 501(c)(6) as a "business league." "A business league is an association of persons having some common business interest, the purpose of which is to promote such common interest and not to engage in a regular business of a kind ordinarily carried on for profit."[2]   The membership of the WEA is comprised of "over 480 companies engaged in all aspects of . . . production of oil and natural gas in the West." *Complaint* [#1], ¶¶ 3-4.   Its stated goal is to promote exploration and production ("E&P") of oil and natural gas through "engag[ing] in any federal regulation that affects the E&P sector," promoting "Positive Messages About Industry," and "Increasing Demand" for oil and gas.  *Response* [#22], Ex. 5.

---

[2] http://www.irs.gov/Charities-&-Non-Profits/Other-Non-Profits/Business-Leagues (last visited March 23, 2015).

A.  Public Benefit

To some degree, a successful FOIA plaintiff always acts for the benefit of the public "both by bringing government into compliance with the FOIA and by securing for the public at large the benefits assumed to flow from the public disclosure of government information." *Aviation Data*, 687 F.2d at 1323 (internal quotation and citation omitted).  However, noting the underlying purposes of FOIA disclosure, the United States Court of Appeals for the Tenth Circuit has said the public benefit factor

> does not particularly favor attorney's fees where the award would merely subsidize a matter of private concern; this factor rather speaks for an award where the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices.

*Id*.

> In an FOIA action, where the plaintiff seeks disclosure of material for commercial purposes, attorney fees may be awarded only on a positive and clear showing of substantial public benefit. Minimal, incidental and speculative public benefit will not suffice.

*Id*.  "The test . . . is whether the disclosure will assist the citizenry generally in making an informed judgment as to governmental operations." *Id*.

The WEA contends the information it obtained from the BLM conferred a public benefit because it was covered extensively in the news.  The exhibits cited by the WEA show three instances of coverage in what appear to be industry news publications. *Reply* [#23], Exhibits A - C.  The information was not in the public domain before the WEA obtained disclosure.  The WEA says it made the information available to its members and to the public.  *Motion* [#21], Exhibit A, ¶ 11.  However, the WEA provides no details about these disclosures, and the defendant contends the information is not available on the publicly available portion of the WEA website.

The WEA is correct when it says the information is relevant to the integrity of conservation measures for the sage-grouse. However, there is no showing that this peer review information will provide a substantial public benefit. Rather, the current record demonstrates, at most, a minimal, incidental, industry focused, and speculative public benefit. In addition, the WEA notes that its work has attracted the attention of Congress. The WEA notes its influence on a bill introduced in Congress to require more transparency and accountability for Endangered Species Act data and science. However, the WEA makes no specific showing that the peer review information at issue here had a significant influence in that effort.

For the reasons discussed above, I find and conclude that the public benefit factor weighs against an award of attorney fees.

### B. Commercial Benefit & Nature of Plaintiff's Interest

The second and third factors are related closely; thus, I consider them together. These factors "assess whether a plaintiff has 'sufficient private incentive to seek disclosure' without attorney's fees." *Davy v. C.I.A.*, 550 F.3d 1155, 1160 (D.C. Cir. 2008).

> One important factor which the trial court should take into consideration is whether the action was brought to advance the private commercial interest of the complainant. Section 552(a)(4)(E) was not intended to compensate FOIA complainants who have a private commercial interest in disclosure which is sufficient incentive to pursue their claim through the courts.

*Aviation Data*, 687 F.2d at 1322. The U.S. Court of Appeals for the District of Columbia Circuit has said

> the first three factors assist a court in distinguishing between requesters who seek documents for public informational purposes and those who seek documents for private advantage. The former engage in the kind of endeavor for which a public subsidy makes some sense, and they typically

5

> need the fee incentive to pursue litigation; the latter cannot deserve a
> subsidy as they benefit only themselves and typically need no incentive to
> litigate

*Davy v. C.I.A.*, 550 F.3d 1155, 1160 (D.C. Cir. 2008).

The WEA is a private, non-profit organization but its purpose is to promote and support "individuals and businesses dedicated to more efficiently exploring, developing, and producing oil and natural gas using environmentally-sound methods in the intermountain west, [and] promoting the beneficial uses of natural gas . . . ." *Response* [#22], Ex. 4, p. 2. Here, it is clear the WEA seeks to achieve a benefit for its members by obtaining the FOIA information and using it to challenge regulations of its industry which its members oppose. The record demonstrates use of the FOIA material primarily for such purposes. In this context, an award of attorney fees and costs "would merely subsidize a matter of private concern." *Aviation Data*, 687 F.2d at 1323.

Applying § 552 as codified and construed, the second and third factors weigh against an award of attorney fees and costs.

### C.  Reasonable Basis To Withhold Information

As detailed in the motion [#21], the release of the information by the BLM was delayed beyond the applicable FOIA deadlines. As noted, the information sought by the WEA was released by the BLM shortly after this case was filed. Nothing in the record demonstrates a reasonable basis in law for this delay. This factor weighs in favor of an award of fees and costs.

### III.  CONCLUSION & ORDER

Three of the four relevant factors weigh against an award of fees and costs. The fourth factor weighs in favor of an award because disclosure of the information was

delayed by the BLM. Still, the BLM cooperated in resolving this case quickly after the case was filed. On balance, I conclude that an award of fees and costs is not justified.

**THEREFORE, IT IS ORDERED** that **Plaintiff Western Energy Alliance's Motion for Attorney Fees and Costs** [#21] filed March 4, 2014, is **DENIED**.

Dated March 23, 2015, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge